IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CITY NATIONAL BANK OF WEST VIRGINIA,**

    Plaintiff,

v.                                                  Civil Action No. 3:11-CV-112
                                                   (BAILEY)

**ALEX D. RAHMI,**

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On this day, the above-styled civil action came before this Court upon consideration of Plaintiff City National Bank of West Virginia's Motion for Summary Judgment [Doc. 9], filed on May 4, 2012.  Defendant Rahmi filed his Response in Opposition to the Motion for Summary Judgment [Doc. 11], plaintiff filed its Reply [Doc. 12], and defendant filed his Response to plaintiff's Reply [Doc. 13].   Having been thoroughly briefed, the Motion for Summary Judgment is ripe for adjudication.  Upon consideration of the same, this Court is of the opinion that the Motion should be **GRANTED**.

I.    Factual and Procedural History

Defendant Alex D. Rahmi filed a pleading in the Circuit Court of Jefferson County, West Virginia, in which he argued that City National Bank of West Virginia ("City National") improperly foreclosed on his property because a federal bankruptcy stay was in place at the time.  The United States Bankruptcy Court for the Northern District of West Virginia has already considered the issue and ruled that no stay was in effect at the time of foreclosure.

1

City National correctly notes that this Court had previously rejected the defendant's claim on appeal that the Bankruptcy Court committed error. Accordingly, City National asserts it is entitled, pursuant to the All Writs Act and the exceptions to the Anti-Injunction Act, to an order enjoining the defendant from challenging the Bankruptcy Court's decisions in the state court suit.

The disputes at issue arise out of a $100,000.00 loan, by City National to the defendant, secured by a deed of trust on the property located at 8669 Shepherdstown Pike, Shepherdstown, Jefferson County, West Virginia ("Shepherdstown Property") [Doc. 5 at ¶ 27(ii)]. In an apparent attempt to forestall foreclosure, the defendant filed a bankruptcy petition on June 16, 2011, in the United States Bankruptcy Court for the Northern District of West Virginia, Case No. 3:11-BK-01129 [Id. at ¶ 8].

The issue of whether a stay was in place was litigated in the bankruptcy proceedings. On June 20, 2011, the defendant filed a "Motion to Extend an Automatic Stay," which appeared to assume that an automatic stay, provided in certain bankruptcy cases, was in effect. However, by Order dated June 20, 2011, the Bankruptcy Court noted that if, as it appeared from court records, the defendant had filed two bankruptcy petitions within the previous year, then no automatic stay went into effect upon the filing of the most recent petition, pursuant to 11 U.S.C. § 362(c)(4). Therefore, the Bankruptcy Court treated the defendant's filing as a motion to impose a stay and scheduled a hearing on the matter for June 27, 2011 [Id.].

On June 22, 2011, City National filed an "Objection to Defendant's Motion to Impose the Automatic Stay," noting the prior filings and the absence of the automatic stay. On June 23, 2011, the Bankruptcy Court entered its Order, which confirmed that the automatic

stay was not currently in effect, pursuant to 11 U.S.C. § 362(c)(4). See Exh. C, June 23, 2011, Order. City National foreclosed on the Shepherdstown Property on June 24, 2011 [Doc. 5 at ¶ 27].

The bankruptcy judge later stated that the June 23 Order was entered by the Clerk in error. The bankruptcy judge, however, never departed from the view that no stay existed as to City National foreclosing. By Order dated June 27, 2011, the Bankruptcy Court granted the defendant's motion to impose a stay, but expressly excluded City National from the stay. Defendant filed a motion for relief from the June 27, 2011, Order, but his motion was denied on July 26, 2011. The Bankruptcy Court again confirmed that no stay existed until June 27, 2011, and that the stay, even then, excluded City National [Id.].

By Order dated August 15, 2011, the Bankruptcy Court dismissed the defendant's case without prejudice. Defendant then filed a notice of appeal in this Court. In a later filing in that bankruptcy appeal, the defendant argued that "the [i]napplicability of [s]tay was not confirmed by the Bankruptcy Court," thus the June 24, 2011, foreclosure was improper. *See* **Alex Rahmi v. United States Tr.**, 3:11-cv-93 (N.D. W. Va. March 8, 2012). This Court affirmed the decision of the Bankruptcy Court in an Order entered April 10, 2012.

The state court proceedings at issue arose on July 22, 2011, when the defendant filed a document entitled "Complaint for Injunctive Relief" in the Circuit Court of Jefferson County, West Virginia. That document again alleged that the Bankruptcy Court's ruling was in error and that a stay was in effect upon the filing of his petition, which made the foreclosure improper. Exh. I, Compl. for Injunctive Relief, **City Nat'l Bank of West Virginia v. Alex Rahmi**, 11-C-10 (2011). That document was not accompanied by a civil filing

sheet, payment of filing fees, or other indication of a new action. The Clerk of the Circuit Court of Jefferson County, therefore, treated the document as a counterclaim to a different collection suit, which was still pending in that court [Id. at Exh. J].

II.   Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); See **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

III.   Analysis

Pursuant to the Anti-Injunction Act and its re-litigation exception, a court of the United States "may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments." 28 U.S.C. § 2283. The authority to preclude challenge to judgments of a federal court is often referred to as the "re-litigation" exception. To issue an injunction under the re-litigation exception, "1) the issue the federal court decided must be the same as the one prosecuted in the state tribunal and 2) the party bringing the state court claim must have been a party to the federal suit . . .." *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2371 (2011), citing *Atl. Coast Line R.R. Co. v. Locomotive Eng'rs*, 398 U.S. 281 (1970).

Under the All Writs Act there is a provision parallel to the Anti-Injunction Act's relitigation exception. The All Writs Act grants a federal court the authority to enjoin a state court from re-litigating issues already considered and ruled upon by a federal court. 28 U.S.C. § 1651(a); *see* *United States v. Cohen*, 152 F.3d 321, 325 (4th Cir. 1998); *see also* *FTC v. Dean Foods Co.,* 384 U.S. 597, 604 (1966) (upholding an injunction issued under the All Writs Act because it was necessary "to preserve the status quo while administrative proceedings are in progress and prevent impairment of the effective exercise of appellate jurisdiction"). In other words, when a party attempts to re-litigate an issue decided by the Bankruptcy Court in a state court, this Court may prevent that action under the All Writs

5

Act.  This Court, therefore, has authority to decide this matter because the Bankruptcy Court issuing the original order is part of this District Court.  *See, e.g.*, **Regions Bank v. Rivet**, 224 F.3d 483, 495 (5th Cir. 2000) (allowing the federal district court to enjoin a state court against re-litigating issues previously resolved by a bankruptcy court).

Both City National and the defendant were involved in the Bankruptcy Court proceeding in which that court held that no automatic stay was in effect.  The Bankruptcy Court entered three separate Orders – on June 20, 2011, June 27, 2011, and July 26, 2011 – all confirming that no stay was in place in the case before June 27, 2011.  To permit the defendant to challenge in state court whether a stay was in place or should have been granted, the state court would simply re-adjudicate whether a stay was in effect before June 27, 2011, which would create a direct conflict with the Bankruptcy Court's previous, final Order on that issue.  Defendant's attempt to re-adjudicate this same issue in the Circuit Court of Jefferson County would encroach upon the finality of the Bankruptcy Court's order.  *See* **Cohen**, 153 F.3d at 325 (holding that "where an injunction is proper in order to protect or effectuate the judgment of a federal court, it is within the court's power to issue the injunction under the All Writs Act").

Moreover, it is undisputed that this Court is the proper place for the defendant to challenge the Bankruptcy Court's order.  Indeed, the defendant did unsuccessfully appeal the Bankruptcy Court's decision to this Court.  See 3:11-CV-93 (N.D. W. Va. April 10, 2012).

In addition to the other bases for an injunction, an injunction may be issued to "prevent impairment of the effective exercise of appellate jurisdiction" by a federal court.

See *FTC*, 384 U.S. at 604. Bankruptcy matters are committed to the jurisdiction of federal courts. 28 U.S.C. § 1334; see ***Marshall v. Marshall***, 547 U.S. 293, 308 (2006). Thus, the defendant properly appealed the bankruptcy court's decision to this Court, which affirmed the validity of that Bankruptcy Court's judgment on April 10, 2012. See ***Alex Rahmi v. United States Tr.***, 3:11-CV-93.

Defendant has availed himself of the opportunity for appeal, which is the proper method to challenge the Bankruptcy Court's judgment, and may not now seek alternative relief in state court. The question of whether a stay was in effect was the subject of rulings by the Bankruptcy Court and of this Court; therefore, re-litigation of this issue in state court would be improper. Accordingly, City National is entitled to summary judgment, and this Court hereby enjoins the state court proceedings between these same parties, regarding these identical issues, in order to protect the finality of the federal court judgment from improper re-adjudication, pursuant to the exceptions to the Anti-Injunction Act and the All Writs Act.

Next, defendant Rahmi moves this Court to enter an Order vacating and reversing the June 24, 2011, foreclosure of the subject property. The defendant bases his argument solely on the premise that the Bankruptcy Court's June 23, 2011, Order which confirmed that no stay was in effect, was mistakenly entered by the Bankruptcy Clerk. While it is not disputed that the June 23 Order was mistakenly entered, it was signed by the Bankruptcy Judge and entered by the Bankruptcy Court Clerk. Defendant Rahmi attempts to assert a claim of fraud against the attorney who presented this Order at the foreclosure. Although that Order was in fact later invalidated, it was a legally enforceable Court document at the

time it was presented at the foreclosure the very next day. There simply exists no evidence which would suggest that any party knew the Court's Order was inadvertently entered; therefore, this Court finds defendant Rahmi's claim of fraud to be disingenuous. Accordingly, this Court **DENIES** defendant Rahmi's request to vacate the foreclosure.

IV. <u>Conclusion</u>

Upon consideration of the above, this Court is of the opinion that Plaintiff City National Bank of West Virginia's Motion for Summary Judgment **[Doc. 9]** should be, and the same is, hereby **GRANTED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record, to the Clerk of the Circuit Court of Jefferson County, West Virginia, and to mail a copy to the *pro se* defendant.

**DATED:** July 30, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE